Marcelo Gondim, SBN 271302
Gondim Law Corp.
1880 Century Park E, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-7770
Email: court@gondim-law.com
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**BRIAN LEE HAYNES**
1129 6th St. NW,
Washington, DC 20001

     *Plaintiff,*

vs.

**KRISTI NOEM**
SECRETARY, DEPT. OF HOMELAND
SECURITY
OFFICE OF THE GENERAL COUNSEL
245 MURRAY LANE, SW
MAIL STOP 0485
WASHINGTON, DC 20528-0485

**KIKA SCOTT**
ACTING DIRECTOR, U.S. CITIZENSHIP
AND IMMIGRATION SERVICES
5900 CAPITAL GATEWAY DRIVE
MAIL STOP 2120
CAMP SPRINGS, MD 20588-0009

**CONNIE NOLAN**
ASSOCIATE DIRECTOR, SERVICE
CENTER OPERATIONS DIRECTORATE
5900 CAPITAL GATEWAY DRIVE
MAIL STOP 2120
CAMP SPRINGS, MD 20588-0009

    *Defendant*s.

Case No.: 1:25-cv-02357

**PETITION FOR COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT, COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE RELIEF**

1

Comes now, Brian Lee Haynes, (hereinafter "Plaintiff" or "Mr. Haynes"), by counsel to file this civil action to compel defendants to comply with their statutory duty to adjudicate his I-130 Petition for Alien Relative. The adjudication of the I-130 Petition for Alien Relative is necessary for processing his wife's I-485 Application to Register Permanent Residence or Adjust Status, allowing her to become a Lawful Permanent Resident.

**PARTIES**

1. Plaintiff Mr. Haynes is a U.S. citizen. The Plaintiff filed an I-130 Petition for Alien Relative (Receipt #IOE0924332592) on behalf of his wife, Mrs. Sidilane De Jesus Barbosa de Almeida (hereinafter "Mrs. Barbosa de Almeida"), on February 12, 2024.

2. Defendant Kristi Noem is the Secretary of the Department of Homeland Security. In the official capacity as the Secretary, she oversees the United States Department of Homeland Security (DHS), which includes the sub-agency United States Citizenship and Immigration Services (USCIS), and with implementing the Immigration and Nationality Act (INA) regulations. She can also delegate certain powers and authority to subordinate employees of USCIS, which is an agency within the DHS.

3. Defendant Kika Scott is the Acting Director of USCIS with the duty to oversee the adjudication of immigration benefits under the INA 8 U.S.C. § 1101 et seq. The Defendants have a statutory and regulatory obligation to perform background security checks and determine eligibility for adjustment of status to lawful permanent resident, under INA §§ 103 and 245, 8 U.S.C. §§ 1103 and 1255, and 8 C.F.R. §§ 245.2(a)(5)(i) and 245.6.

4. Defendant Connie Nolan is sued in her official capacity as the Acting Associate Director, Field Operations Directorate. The Field Operations Directorate provides services for people

2

seeking immigration benefits and provides decisions to individuals requesting immigration benefits, including the National Benefits Center, where plaintiff's I-130 petition remains pending.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 5 U.S.C. § 555(b) & § 706(1), the Administrative Procedure Act; 8 U.S.C. §1329, Immigration & Naturalization Act, and 28 U.S.C. § 1361, which gives the district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States, or any agency therefore to perform a duty owed to the plaintiff.

6. 28 U.S.C. § 1391(e), as amended, provides that venue for mandamus and Administrative Procedure Act (APA) civil actions is proper in any judicial district in which a defendant resides, a substantial part of the events or omissions giving rise to the claim occurred, or where the plaintiff resides, if no real property is involved. Since this civil matter involves no real property, the venue will be proper in the District of Columbia, where Defendants reside.

7. Furthermore, Defendants, members of the Dept. of Homeland Security, and sub-agency, USCIS, are employees or officers of the United States, acting in their official capacity. USCIS has its Offices located in Washington DC, which is also located within this District of Columbia.

8. Thus, venue is proper in the District of Columbia, under 28 U.S.C. § 1391(e)(1).

## STATUTORY AND REGULATORY BACKGROUND

3

9. A U.S. Citizen can petition certain family members, such as his or her spouse, child(ren); and parent (if the U.S. petitioner is twenty-one or older). INA § 201(b)(2).

10. To start the process of applying for lawful permanent residence for a relative residing in the U.S., a U.S. citizen spouse must first petition on behalf of their relative (Form I-130) with U.S. Citizenship and Immigration Services ("USCIS"). This filing is governed by 8 CFR § 245.2(a)(2)(i)(B) and 8 CFR § 245.2(a)(2)(i)(C).

11. USCIS has jurisdiction to adjudicate an I-130 Petition for Alien Relative filed by any non-citizen unless an immigration judge has jurisdiction under 8 C.F.R. § 1245.2(a)(1). See 8 C.F.R. § 245.2(a)(1)(i).

12. The INA also provides the statutory framework for immigration to the United States, including the procedures for family-based immigration petitions and adjustment of status applications. The INA is codified at 8 U.S.C. §§ 1101 et seq.

13. Under INA § 245(a), 8 U.S.C. § 1255(a), an individual who has been inspected and admitted or paroled into the United States may apply to adjust their status to that of a lawful permanent resident if they are eligible for an immigrant visa and an immigrant visa is immediately available to them at the time their application is filed.

14. All petitions for alien relative and adjustment of status applicants generally must attend a final interview unless the interview is waived by USCIS. 8 CFR § 209.1(d), 8 CFR § 209.2(e), and 8 CFR § 245.6.

15. No beneficiary of family-based petitions can become permanent residents until such petition has been adjudicated favorably (approved) by USCIS.

16. USCIS is required to process and decide Form I-130 and Form I-485 applications within a reasonable time frame. The Administrative Procedure Act (APA), 5 U.S.C. § 555(b),

4

mandates that federal agencies, including USCIS, conclude matters presented to them "within a reasonable time."

17. In cases where there is an unreasonable delay in the adjudication of immigration petitions and applications, affected individuals may seek relief through the writ of mandamus.

## **FACTUAL BACKGROUND**

18. Mr. Haynes is married to Mrs. Barbosa de Almeida.

19. On February 12, 2024, Mr. Haynes submitted an I-130 Petition for Alien Relative for his wife, under the preference classification 201 B INA Spouse of a U.S. Citizen (Receipt #IOE0924332592). Concurrently, Mrs. Barbosa de Almeida filed an I-485 Application to Adjust Status as an immediate relative of a U.S. citizen, a I-765 Application for Employment Authorization (IOE0924332591), and a I-131 Application for Travel Document (IOE0924332593).

20. Since the filing date, no requests for additional evidence or interview notices have been sent to the plaintiff by the defendants. Additionally, USCIS has not yet made a decision on the I-130 Petition, the I-765 Application, the I-131 Application, or the I-485 Application as of the date of this filing.

21. As a result of the prolonged and unexplained delay, the plaintiff has exhausted all available administrative remedies. Consequently, the plaintiff is compelled to seek judicial intervention to require USCIS to fulfill its statutory duty and adjudicate the pending I-130 petition for his wife.

## **CLAIM FOR RELIEF**

# I.    ADMINISTRATIVE PROCEDURE ACT

22. Plaintiff incorporates the allegations herein as though fully set forth here.

23. The APA requires USCIS to carry out its duties within a reasonable time.

24. U.S.C. § 555(b) provides that "*[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.*" USCIS is subject to 5 U.S.C. § 555(b). See *Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory and injunctive relief against federal agency); *Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 114 (D.D.C. 2005) ("*The Administrative Procedure Act requires an agency to act 'within a reasonable time'*"). 5 U.S.C. § 555(b) and authorizes a reviewing court to compel agency action … unreasonably delayed," 5 U.S.C. § 706(1).").

25. The unreasonable delay in the adjudication of the Plaintiff's I-130 Petitions for Alien Relatives and his wife's I-485 Application to Register Permanent Residence or Adjust Status represents a clear violation of this statutory obligation. The APA grants courts the authority to compel agency action that has been unlawfully withheld or unreasonably delayed, as stated in 5 U.S.C. § 706(1).

26. INA § 242 and 8 U.S.C. § 1252, does not deprive this Court of jurisdiction.

27. INA § 242(a)(5) provides that "*a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter*".

28. As this action does not seek review of a removal order but is simply an action to compel USCIS to adjudicate the Plaintiff's unreasonably delayed I-130 Petitions, this Court retains

6

original mandamus jurisdiction under 28 U.S.C. § 1361. See Liu v. Novak, 509 F. Supp. 2d

1, 5 (D.D.C. 2007) ("*There is … significant district court authority holding that [8 U.S.C.] §*

*1252(a)(2)(B)(ii) does not bar judicial review of the pace of application processing or the*

*failure to take action*").

29. Furthermore, 8 USC 1252(a)(2)(B) provides that no court shall have jurisdiction to review

either: (i) "any judgment regarding the granting of relief under section 1182(h), 1182(i),

1229b, 1229c, or 1255 of this title, or (ii) any other decision or action of the Attorney

General or the Secretary of Homeland Security the authority for which is specified under this

subchapter to be in the discretion of the Attorney General or the Secretary of Homeland

Security."

30. Because the adjudication of a properly filed I-130 Petition for Alien Relative is neither a

judgment regarding the granting of relief from removal nor a decision or action that is

specified to be in the discretion of the Attorney General or the Secretary of Homeland

Security, the Court retains original mandamus jurisdiction over this claim.

31. Both the regulations and the INA provide several duties owed by USCIS in the petitions for

alien relatives.

32. 8 U.S.C. § 1103 provides that "*the Secretary of Homeland Security shall be charged with the*

*administration and enforcement of this chapter and all other laws relating to the immigration*

*and naturalization of aliens*".

33. As discussed below, the delay in processing the Plaintiff's properly filed I-130 petitions is

unreasonable. The prolonged inaction by USCIS has inflicted significant hardship upon the

Plaintiff, subjecting him and his wife to undue stress and uncertainty regarding her

immigration status.

34. Courts have recognized that unreasonable delays in agency actions can justify judicial intervention, especially when such delays result in hardship for the affected individuals. This principle is supported by case law, such as Telecommunications Research & Action Center v. FCC, 750 F.2d 70, 79-80 (D.C. Cir. 1984), which outlines factors to determine unreasonable delay under the APA.

35. USCIS claims that it updates case processing times on its website monthly with the latest available data. For forms I-130 filed by U.S. citizens for a spouse, parent, or child under 21, they estimate that 80% of cases are completed within the following timeframes:

    a.  National Benefits Center – 52.5 months.

    b.  All Field Offices – 67.5 months.

36. A significant disadvantage for applicants is the current USCIS policy restricting contact to cases exceeding published processing times.

37. This limitation includes the placing the entire staff of the USCIS Ombudsman's Office on leave on March 21, 2025, a move that has effectively disabled a crucial oversight mechanism in the U.S. immigration system.[1] Despite this, DHS's website still states, "*The Office of the Citizenship and Immigration Services Ombudsman continues to exist and will perform its statutorily required functions.*"[2], although it appears to not be doing so.

---

[1] https://www.nytimes.com/2025/03/21/us/politics/trump-civil-rights-homeland-security-deportations.html?smid=nytcore-ios-share&referringSource=articleShare
[2] https://www.dhs.gov/cis-ombudsman

38. While the applications are technically within processing times, the delay may still be unreasonable. The lack of communication or substantive updates from USCIS further exacerbates the Plaintiff's uncertainty regarding the status of his petition.

39. Courts have recognized that even if an application is within the general processing times, specific circumstances may render a delay unreasonable. For instance, in *R2 Technologies Corporation v. Blinken* (D.D.C. 2025) the court highlighted that "*the reasonableness of a delay 'cannot be decided in the abstract, by reference to some number of months or years beyond which agency inaction is presumed to be unlawful,*" but rather by the facts of the present case. *Liu v. Mayorkas*, No. 20-CV-654, 2021 WL 2115209, at *5 (D.D.C. May 25, 2021) (quoting *Mashpee Wampanoag Tribal Council, Inc.*, 336 F.3d at 1102). Regardless of the amount of time that an applicant has waited, "*[a] delay in adjudication caused by the agency's failure to follow any rule of reason is, almost tautologically, unreasonable.*" Id. at *3 (denying a motion to dismiss where the plaintiff had waited only two years for a visa decision in part because of the defendants' failure to show that they had followed a "rule of reason").

40. The delay, even within processing times, has significant implications for the Plaintiff. It affects their ability to make long-term decisions concerning employment, travel, and family life. This uncertainty imposes a burden that is inconsistent with the principles of fairness and efficiency underlying the immigration process.

41. Given these circumstances, the Plaintiff respectfully requests judicial oversight to address the unreasonable and unjustified delays in the processing of his petition. While acknowledging that published processing times may not yet have been exceeded, the Plaintiff seeks assurance of due diligence and efficient processing, as required by the APA.

## II.    MANDAMUS CAUSE OF ACTION

42. The allegations set forth above are incorporated herein by reference.

43. Plaintiff seeks mandamus relief pursuant to 28 U.S.C. § 1361, which authorizes a court to compel a federal agency or official to perform a duty owed to the Plaintiff.

44. The Plaintiff has properly filed his I-130 Petition for Alien Relative, complete with all required supporting documentation, and therefore possesses a clear right to the relief requested. If USCIS deemed further information or an interview necessary, it should have issued such a request already

45. USCIS has a clear, non-discretionary duty to adjudicate the I-130 Petition and I-485 Application. This duty is grounded in the statutory framework governing immigration processes (5 USC § 558(c)), which mandates that applications be processed fairly and efficiently. The Plaintiff has fully complied with all procedural requirements, including submitting complete and accurate documentation. This compliance establishes his clear right to a timely decision on his I-130 petition.

46. The lack of communication on Defendants' side and the lack of agency action deprives the Plaintiff of any adequate alternative remedy, thus warranting mandamus relief.

47. The delay in adjudicating the Plaintiff's I-130 Petition and I-485 Application has caused significant emotional and practical harm. The uncertainty surrounding his wife's immigration status has created substantial anxiety and stress for the Plaintiff, impacting on his general well-being and overall quality of life.

48. Additionally, the delay places an undue burden on the Plaintiff's wife as she navigates the complexities of the immigration process without a clear timeline for resolution. The lack of a

definitive decision affects not only her personal circumstances but also her trust in the administrative process, showing the urgent need for judicial intervention to rectify this situation.

49. The balance of equities and public interest strongly supports the issuance of mandamus relief. Granting such relief would ensure that USCIS fulfills its statutory obligations and maintains the integrity of the immigration system. Prompt and efficient adjudication of immigration applications serves the public interest by providing clarity and stability to applicants who, like the Plaintiff, have demonstrated their eligibility and compliance with all requirements.

50. In light of these considerations and given the Plaintiff's clear right to the relief requested, we respectfully request that this Court issue a writ of mandamus compelling USCIS to adjudicate the pending I-130 Petition and I-485 Application within a timeframe deemed reasonable by the Court. The Plaintiff seeks assurance that his case is receiving the attention and diligence it deserves, as guaranteed by her compliance and eligibility.

## REQUEST  FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

    (1) Assume jurisdiction and proper venue over this action

    (2) Compel Defendants to take action on Plaintiff's I-130 petition and I-485 application filed on behalf of her immediate relatives, within 30 days or within a specific amount of time to be determined by the court.

    (3) Award Plaintiff reasonable costs and attorney's fees under the Equal Access to Justice Act, 22 U.S.C. § 2412; and

    (4) Award such further relief as the Court deems just, necessary, or proper.

11

Date: July 16, 2025

Respectfully submitted,

Marcelo Gondim (SBN 271302)
Gondim Law Corp.
1880 Century Park E, Suite 400
Los Angeles, CA 90067
Phone: (323) 282-7770
Email: Court@gondim-law.com

Counsel for Plaintiff